**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Xavier Russell (#M25537), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 C 0176 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| Sgt. Compose, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

NOW COME Defendants, Officer Clay, Sergeant Compose, Officer McCoy, Sergeant Sturdivant (collectively "Defendants")[1], by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Danielle Mikhail, and moves for a judgment on the pleadings as to Plaintiff's Complaint. In support of this motion, Defendants state the following:

**INTRODUCTION**

On January 7, 2020, Plaintiff initiated this lawsuit by mailing a copy of his complaint to the Court. Dkt. 1. After continuous efforts by this Honorable Court to have Plaintiff pay the full filing fee in this case, as well as his outstanding filing fees in two prior lawsuits, the Court finally had Plaintiff's complaint filed in the case on December 11, 2020. Dkt. 27. Plaintiff brings this lawsuit against Defendants alleging that on July 20, 2018, Defendants delayed his medical care for injuries he allegedly sustained that same day during a riot in Division 6, tier 2J. *Id.* at 4; dkt. 26 at 2 -3.

---

[1] Although this motion is brought on behalf of Defendants Clay, Compose, McCoy, and Sturdivant alone, the argument contained in this motion is applicable to all Defendants in the case.

1

Plaintiff cannot proceed on his claim against Defendants because it has been released pursuant to a prior settlement agreement, entered into in *Xavier Russell v. Officer Lara,* 19 C 4283, which is attached hereto as Exhibit A.

According to that settlement agreement, Plaintiff agreed to the following:

"Furthermore, in consideration for the payment herein provided, Plaintiff, to the maximum extent permitted by law for himself, his heirs, assigns and legal representatives, fully and forever release[] any and all actions, claims, demands or suits which he, or his heirs, assigns, or legal representatives, may heretofore or hereafter have had, including but not limited to all actions, suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity, including but not limited to any and all claims for Constitutional violations, federal or state law claims, injunctive relief claims, and/or any taken, damaged, disposed of, or destroyed property claims, as well as any other such claims against Cook County, the Cook County Sheriff, the Cook County Health and Hospitals System [or] any current or former employees or agents thereof, and/or any employee, agent or entity which Cook County i[s] required to indemnify that may have been brought in connection with any incident or incidents that occurred at any point from the beginning of time until the execution date of this Agreement by all of the parties. **THIS IS A GENERAL RELEASE.**"

Ex. A at p. 3, ¶ 4, emphasis in original. Plaintiff signed this settlement agreement on December 13, 2019. *Id.* at 6. Defense counsel in that case signed the settlement agreement on behalf of Defendant Officer Lara on December 19 2019. *Id.* Thus, on December 19, 2019, Plaintiff released his constitutional claims against all Defendants in this case, which occurred prior to the execution of the settlement agreement and release.

This Court should therefore enter judgment on the pleadings in favor of Defendants as to Plaintiff's Complaint because it is barred by a prior settlement agreement and release.

**STANDARD OF REVIEW**

Under Rule 12(c) of the Federal Rules of Civil Procedure, after an answer has been filed, a party may move for judgment. Fed. R. Civ. P. 12(c). Rule 12(c) allows a judgment based on the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449,

2

452 (7th Cir. 1998). Granting of a Rule 12(c) motion is appropriate "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Id*. (internal quotes and citations omitted). Importantly, a court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id*. (internal quotes and citations omitted).

## ARGUMENT

The issue of whether a plaintiff signed a release waiving the right to make a claim may be properly resolved on a motion for judgment on the pleadings. *See Rodgers v. Cartage Co.*, 794 F.3d 854, 860 (7th Cir. 2015) (no reversible error in dismissing complaint under Rule 12 based on settlement agreement where the language was undisputed, the plaintiff did not identify evidence that would have any bearing on the motion, and the agreement was unambiguous). Here, Defendants do not dispute the authenticity of the settlement agreement in *Xavier Russell v. Officer Lara,* 19 C 4283. Moreover, the Court in this matter, in reviewing Plaintiff's application for leave to proceed *in forma pauperis*, acknowledged that Plaintiff previously entered into a settlement agreement in the 19 C 4283 case. *See* dkt. 5 at 2. Finally, the settlement agreement in *Xavier Russell v. Officer Lara,* 19 C 4283 is unambiguous on its face. Accordingly, the Court may consider the *Xavier Russell v. Officer Lara,* 19 C 4283 settlement agreement in the present motion.

Illinois law governs the construction of the Settlement Agreement. *Heard v. Tilden*, 809 F.3d 974, 979 (7th Cir. 2016). Under Illinois law, a settlement is valid if there is an offer, acceptance, and a meeting of the minds. *Elustra v. Mineo*, 595 F.3d 699 (7th Cir. 2010); *Lampe v. O'Toole*, 292 Ill. App. 3d 144, 146 (2nd Dist. 1997) (an offer, an acceptance, and a meeting of the minds on terms was sufficient to create a contract). "A settlement agreement is considered a contract, and construction and enforcement of settlement agreements are governed by principles of contract law." *Cannon v. Burge*, 752 F.3d 1079, 1088 (2014). Moreover, "the construction and

enforcement of settlement agreements are governed by principles of local law applicable to contracts generally." *Laserage Technology Corp. v. Laserage Laboratories, Inc.*, 972 F.2d 799, 802 (7th Cir. 1992). Because the settlement agreement and release was created and executed in Illinois and nothing in the agreement requires the application of another State's law, Illinois contract law governs any dispute over this contract. *See Beverly v. Abbott Labs*., 817 F.3d 328, 2016 U.S. App. LEXIS 4799, *6 (7th Cir. March 16, 2016) (recognizing that "State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements.").

In Illinois, the basic elements of a valid contract are an offer, an acceptance, and consideration. *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135, 151, 847 N.E.2d 99, 301 Ill. Dec. 440 (Ill. 2006). Furthermore, when a contract is unambiguous on its face, "the intent of the parties must be construed without consideration of parol evidence." *Cannon*, 752 F.3d at 1091. A contract is considered ambiguous "if it is capable of being understood in more than one sense." *Id.* at 1989. Moreover, a unilateral mistake is insufficient to invalidate an agreement compromising and settling a disputed claim. *Turner v. Cosmopolitan National Bank*, 180 Ill. App. 3d 1022, 1030, 536 N.E. 2d 806 (Ill. App. 1st Dist. 1989).

Plaintiff, representing himself *pro se* at the time, entered into a valid and binding settlement agreement and release of claims on December 19, 2019[2] pursuant to settlement of *Xavier Russell v. Officer Lara,* 19 C 4283. Ex. A. In *Xavier Russell v. Officer Lara,* 19 C 4283, Plaintiff's claim stemmed from allegations of excessive force by Officer Lara on June 17, 2017.

---

[2] Although Plaintiff signed the settlement agreement on December 13, 2019, the settlement agreement expressly states that the general release of all claims accrues on "the execution date of this Agreement **by all of the parties**." Ex A, p. 3, ¶ 4 (emphasis added). Thus, the proper date of execution of the settlement agreement is December 19, 2019, when the Defendants signed the settlement agreement. In any event, Defendants argument remains the same whether the date of execution of the settlement agreement is considered December 13, 2019 or December 19, 2019.

(19-cv-04283, dkt. 6 at 4-5.) The parties in 19 C 4283 engaged in settlement negotiations and executed a settlement agreement on December 19, 2019. Ex. A. That same day, the parties in 19 C 4283 filed a stipulation of dismissal, and the Court dismissed *Xavier Russell v. Officer Lara,* 19 C 4283 the following day. (19-cv-04283, dkt. 17, 18.)

According to that settlement agreement, Plaintiff agreed to "fully and forever release[] any and all actions, claims demands or suits which he… may heretofore or hereafter have had, including but not limited to…any and all claims for Constitutional violations…as well as any other such claims against Cook County, the Cook County Sheriff, the Cook County Health and Hospitals System [or] any current or former employees or agents thereof…**that may have been brought in connection with any incident or incidents that occurred at any point from the beginning of time until the execution date of this Agreement by all parties.**" Ex. A at 3,¶ 4. (emphasis added). According to Plaintiff's Complaint in the present case, at on July 20, 2018, while housed in Cook County Jail, his constitutional rights were violated by all Defendants, who are all agents or officers of the Cook County Sheriff. Dkt. 27 at 4-5. On December 19, 2019, the parties executed the settlement agreement in *Xavier Russell v. Officer Lara,* 19 C 4283. Thus, the settlement agreement in *Xavier Russell v. Officer Lara,* 19 C 4283, executed on December 19, 2019, releases all of Plaintiff's July 20, 2018 claims in the case at bar.

A general release "is valid as to all claims of which a signing party has actual knowledge or that he could have discovered upon reasonable inquiry." *Fair v. Int'l Flavors & Fragrances, Inc.*, 905 F.2d 1114, 1116 (7th Cir. 1990). Plaintiff had actual knowledge of the general release because read and understood the terms of the release before he signed it. Paragraph 13 of the settlement agreement states that "Plaintiff acknowledges that he reviewed this document and acknowledges that he understands the contents thereof, and executed this Agreement of his own free act and deed." Ex A, p. 5, ¶13. Accordingly, Plaintiff expressly agreed that he read

5

the general release, understood it, and agreed to its terms by signing the contract on December 13, 2019. Accordingly, there is no excuse that Plaintiff could have to not understanding, or not reading, the settlement agreement. In any event, Plaintiff's failure to read the specific terms in the settlement agreement before his executions of the settlement agreement is no excuse. *See Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (a pro se litigant's failure to read the law is no excuse).

Therefore, because Plaintiff previously released the claims he attempts to assert in the case at bar, judgment should be entered for Defendants as to these claims.

## CONCLUSION

WHEREFORE, Defendants, for all the foregoing reasons, respectfully request this Honorable Court to grant Defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and enter judgment in favor of Defendants, dismissing Plaintiff's Complaint with prejudice, with costs and any other relief this Court deems appropriate.

                                                        KIMBERLY M. FOXX
                                                        State's Attorney of Cook County
By:   */s/ Danielle A. Mikhail*
        Danielle A. Mikhail
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-3368
        Danielle.mikhail@cookcountyil.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing, including the corresponding exhibits, to be served on Plaintiff by depositing the same in the U.S. Mail on April 2, 2021, addressed to:

Xavier Russell
Dixon Correctional Center - DIX
#M25537
2600 North Brinton Avenue
Dixon, IL 61021

                                              */s/ Danielle A. Mikhail*
                                              Danielle A. Mikhail